UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| THOMAS E. PEREZ,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>CARING FIRST, INC.; IVANAH V. THOMAS,<br>an individual; and TIMOTHY THOMPSON,<br>an individual,<br><br>Defendants. | CASE NO.<br><br>6:15-cv-01824-CEM-GJK<br><br><br><br><br><br><br><br>**AMENDED COMPLAINT**<br>**(Injunctive Relief Sought)** |

Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action pursuant to § 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., hereinafter the "Act", to have Defendants Caring First, Inc., Ivanah V. Thomas, and Timothy Thompson (hereinafter referred to collectively as "Defendants") enjoined from violating the provisions of §§ 6, 7, and 11 of the Act; and, pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), to recover unpaid wages, together with an equal amount as liquidated damages.

I

This Court has jurisdiction over this action pursuant to §§ 16(c) and 17 of the Act and 28 U.S.C. §§ 1331 and 1345.

II

A.   Defendant Caring First, Inc., a corporation having a place of business and doing business in Orlando, Florida, at all times hereinafter mentioned has been engaged in home healthcare personnel staffing.

B. Defendant Ivanah V. Thomas, an individual doing business in Orlando, Florida, at all times hereinafter mentioned, has been the Owner and President of Caring First, Inc., and has acted directly or indirectly in its interest in relation to its employees, and therefore is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d).

C. Defendant Timothy Thompson, an individual doing business in Orlando, Florida, at all times hereinafter mentioned, has been the Vice President of Caring First, Inc., and has acted directly or indirectly in its interest in relation to its employees, and therefore is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d).

III

At all times hereinafter mentioned:

A. Defendants, engaged in related activities performed either through unified operation or common control for a common business purpose, constitute an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r); and

B. Such enterprise, employing employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce; and having an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), constitutes an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

IV

Since at least March 13, 2012, Defendants have misclassified certain of their employees, including their licensed practical nurses and registered nurses, as "independent contractors" and paid them a flat hourly rate, regardless of the number of hours worked per week. During all relevant times, many of these employees regularly worked hours in excess of forty in a workweek.

V

Defendants repeatedly and willfully violated the provisions of §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

VI

Defendants, employers subject to the provisions of the Act, repeatedly and willfully violated the provisions of §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and Regulations found at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed in the aforesaid Regulations.

VII

WHEREFORE, cause having been shown, Plaintiff prays for Judgment:

  A. Pursuant to § 17 of the Act, 29 U.S.C. § 217, permanently enjoining Defendants, their agents, servants, employees and all persons in active concert or participation with them from violating the provisions of §§ 7, 11(c), 15(a)(2) and 15(a)(5) of the Act;

  B. Pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), awarding back wages for a period of three years prior to the commencement of this action plus any time which has been tolled pursuant to agreement by the parties, and an additional equal amount as liquidated damages to employees (as named in Amended Appendix "A" attached hereto and made a part hereof and such other employees as hereafter may be identified and named prior to or at trial);

  C. And for such other and further relief as may be necessary and appropriate including costs of this action.

  Respectfully submitted this 30th day of November, 2015.

| | |
|---|---|
| ADDRESS: | M. PATRICIA SMITH<br>Solicitor of Labor |
| Office of the Solicitor<br>U. S. Department of Labor<br>61 Forsyth Street, S.W.<br>Room 7T10<br>Atlanta, GA  30303 | STANLEY E. KEEN<br>Regional Solicitor<br><br>ROBERT L. WALTER<br>Counsel |
| Telephone:<br> (404) 302-5489<br> (404) 302-5438 (FAX) | By:*/s/Lydia J. Chastain*<br> LYDIA J. CHASTAIN<br> Senior Trial Attorney |
| Email:<br>chastain.lydia.j@dol.gov<br>ATL.FEDCOURT@dol.gov | Office of the Solicitor<br>U.S. Department of Labor<br>Attorneys for Plaintiff. |

SOL Case No. 15-00473