UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:15-cv-1824-Orl-41GJK

R. ALEXANDER ACOSTA,
Secretary of Labor,
United States Department of Labor,

Plaintiff,

v.

CARING FIRST, INC.; IVANAH V. THOMAS,
an individual; and TIMOTHY THOMPSON,
an individual,

Defendants,

_____/

**<u>DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR
SANCTIONS FOR SPOLIATION, VIOLATION OF COURT ORDERS, AND
MISCONDUCT IN DISCOVERY (ECF DOCUMENT 86)</u>**

Defendants, CARING FIRST, INC., IVANAH V. THOMAS, an individual, and

TIMOTHY THOMAS, an individual, by and through their undersigned Counsel, **HEREBY**

**RESPOND IN OPPOSITION** to Plaintiff's Motion for Sanctions for Spoliation, Violation of

Court Orders, and Misconduct in Discovery (ECF Document 86) and say:

Plaintiff's Counsel claims the "Defendant's conduct violates this Court's orders and ethical

rules and has prejudiced the Secretary in this case.  The Secretary has only learned of most of this

conduct in the last two weeks as the parties have been exchanging trial exhibits." ECF Document

86, at * 1.

Following a March 4, 2016, hearing, the Magistrate Judge's March 7, 2016, Order (ECF

Document 37, at * 1, ¶ 1) ordered: "The Court will abate imposition of sanctions pending the

production of documents set forth herein". (The Defendants have timely produced All of said

1

documents; the issue is whether the Plaintiff has taken the time to review them and understand what they have instead of making baseless accusations).

The documents to be produced are set forth in Paragraph 2 of the March 7, 2016, Order, which directs the Defendants as follows:

> **On March 7, 2016**, at Defendants' office, Defendants shall produce for inspection and copying all documents in Defendants' possession, custody, or control that may be used to determine the hours worked, the compensation paid, and the method for calculating same **for all alleged employees listed on Appendix A (Doc. No. 27-1)**. Counsel for Defendants and a corporate representative of Caring First, Inc. shall be in attendance and/or available during the inspection. Caring First, Inc.'s representative shall identify for Plaintiff those documents in maintains would be the best and most efficient sources for determining the hours worked, compensation paid and method for calculating same for all individuals listed on Appendix A (Doc. No. 27-1). Plaintiff, with the assistance of Defendants and counsel, may inspect all patient files and other records in order to identify for copying all documents that best reflect the hours worked by the alleged employee, the compensation paid, and the method for calculating same for all alleged employees listed on Appendix A (Doc. No. 27-1). [Emphasis added.]

On March 7, 2016, in accordance with the March 7, 2016, Order, Defendants produced approximately forty (40) banker's boxes of files containing individual patient records, including AHCA approved forms reflecting the actual dates and hours during each of the dates when the caregiver worked providing care to the Medicaid Approved patients.[1] **The AHCA approved forms were signed by the individual caregivers and reflected the only and best real evidence of the actual days and the hours during each day when the caregiver claimed to have worked; the files also included the each patient's "Care Plan" prepared by and signed off the patient's Medicaid approved physician and acknowledged by the caregiver**.

On Friday, March 11, 2016, Plaintiff filed another Motion for Sanctions (ECF Document

---

[1] Best Evidence: After the caregiver's signed AHCA form containing the actual days of the week and hours per day that the caregiver worked along with the Medicaid patient's name was input into the AHCA approved form for transmittal to the Florida Medicaid Program, the form signed by the caregiver was kept in the patient file because of HIPAA regulations.

38), which included a sworn Declaration from Lydia J. Chastain, Counsel for the Plaintiff as ECF

Document 38-3. <u>In Attorney Chastain's Declaration are the following affirmations germane to the</u>

<u>current Motion for Sanctions</u>:

1.   Attachment D to the Declaration includes the following quote from a March 9, 2016,

email exchange between Lydia Chastain, Esq., and Craig A. Brand, Esq. (ECF

Document 38-3, at * 18:

> *<u>CAB statement</u>: As we informed the Court, we have been open, timely and wanting not only full compliance with the Court's Order but closure of this matter. We made all records, discussed in open Court last week, available for your inspection and copying.*
>
> *<u>Lydia Chastain Response</u>: We appreciate that.*  [Italics added.]

2.   Footnote 3 on page 6 of the March 11, 2016, Motion for Sanctions (ECF Document 38,

at * 6):

> The Court's Order required Defendants to serve upon Plaintiff by January 15, 2016, "all time sheets and payroll records in Defendants' possession, custody or control that pertain to work performed by the employees listed in Appendix A of the Complaint during the time period for which Plaintiff claims unpaid wages." [Docket No. 29]. <u>On January 22, 2016, Defendants mailed to Plaintiff certain documents, which Plaintiff received on January 27, 2016. Upon review of these documents, counsel for Plaintiff realized that Defendants had produced lists of paychecks issued to 115 individuals for a time period of January 1, 2011 through January 15, 2016,</u> **but had not produced payroll records, time sheets, or documents indicating the individuals' rates of pay for the relevant time period**. [Emphasis added.]

On September 22, 2017, Magistrate Judge Kelly <u>denied</u> the Plaintiff's March 11, 2016,

Motion for Sanctions; however, his Order specifically mandated:

"1. Defendants, their agents, employees and anyone else within their legal control shall

immediately halt the practice of destroying or writing over any Current Payroll Records (*see supra*

p. 8) relating in any way to the wages and hours worked by the 107 individuals at issue;

2. Defendants, their agents, employee, and anyone else within their legal control shall maintain and preserve all Current Payroll Records until further order of the Court;

3. **Beginning on September 30, 2016, and continuing on a bi-weekly basis until further order of this Court**, the Defendants shall produce to Plaintiff all Current Payroll Records, which includes all documents, report, papers, or other tangible things relating in any way to the wages and hours worked by the 107 individuals at issue and which have been created since last production; and

4. **Failure to comply with this order in any way may result in the entry of default judgment and other sanctions.**"  [Emphasis in the original.] ECF Document 55.

The Defendants have fully complied with the September 22, 2016, Order.  Plaintiff makes no effort to contest that issue, but, instead, argues that the emails and documents reflected in the attachments to the Secretary's Motion for Sanctions constitute grounds establishing spoliation.

Plaintiff's first basis for sanction is to claim that the Affidavit of Karen Reyes filed as ECF Document 62-7, included with Plaintiff's Motion for Summary Judgment, which the Court has already denied. In opposition, Defendants have submitted the Declaration of Ivanah V. Thomas, individually and as President of Caring First, Inc. ("Thomas Declaration"), both Defendants in this cause.  Paragraph 6 of the Thomas Declaration and the exhibits contained in Composite Exhibit "B" to that Declaration detail the **criminal acts which were committed by Karen Reyes** while she was employed in the billing and payroll department of Caring First, Inc. between January and May 8, 2015.  **Further, Karen Reyes was not listed as one off the 107 individuals in ECF Document 27-1, and was not even listed as one of the additional individuals which the Secretary unsuccessfully tried to include as additional claimants in this case.**  Thus, for the Secretary to represent that the Defendants or their counsel has in some way violated any of the

4

Court's Orders regarding Ms. Reyes or any of the evidence to be used against her, is disingenuous to say the least.

Plaintiff then proceeds to subjectively convert interim findings made in the Court's Interlocutory Order, analyzing the record, in this case prior to the Court denying Plaintiff's Motion for Summary Judgment into the law of this case and submitted to the jury as such. *See*, ECF Document 86, at * 9: "Indeed, the Court's August 10, 2017, Order [Denying Plaintiff's Motion for Summary Judgment] acknowledges that the Defendants do not challenge the Secretary's evidence in support of a finding of willfulness and lack of good faith, and finds that the record supports such findings. [Docket No. 86, p. 3-4]. Accordingly, the evidence before the Court establishes that the Defendants willfully and intentionally destroyed the payroll records in 2015, and continued to intentionally destroy their own records through mid-February of 2016." Aside from the fact that Plaintiff is again arguing issues which the Court had prior to Judge Kelly's September 22, 2016, Order **denying** Plaintiff's March 11, 2016, Motion for Sanctions and which Judge Mendoza had before him prior to entering his August 10, 2017, Order **denying** Plaintiff's Motion for Summary Judgment, Plaintiff has failed to provide the Court with any new facts upon which sanctions should now be awarded. Further, the Secretary fails to apprehend that Judge Mendoza's only finding as a matter of law in this case in ECF Document 84 is that Plaintiff's Motion for Summary Judgment was denied. Any findings of fact discussed in the order were based upon the record as it existed at the time Judge Mendoza reviewed it in determining the Plaintiff's Motion. **Nothing in the order precludes either party from presenting facts to the jury on the issue of willfulness and lack of good faith**.

Plaintiff's "Third" point in support of its Motion for Sanctions begins a new paragraph near the top of page 9 and continues to conclusion on page 13 prior to commencing Plaintiff's legal

argument claiming multiple exhibits demonstrate the intentional interference with Plaintiff's ability to cost-effectively ascertain the dates and number of hours worked by the individuals named in Exhibit 27-1 attached to the Amended Complaint.  In opposition, Defendants have submitted the following Declarations:

1. Declaration of Craig A. Brand with Composite Exhibits "A" and "B" incorporated into the Declaration;

2. Declaration of Ivanah V. Thomas with Composite Exhibits "A" and "B" incorporated into the Declaration;

3. Declaration of Karla Rosado with Composite Exhibit "A" incorporated into the Declaration; and

4. Declaration of Ivia Rosado with Composite Exhibit "A" incorporated into the Declaration.

The said Declarations clearly rebut each and every argument asserted by Plaintiff.  In fact, they clearly state that (1) Defendants' Counsel authored and revised the Master List utilizing the computers in the office of Caring First, Inc.; (2) paragraph 6 of Ivanah Thomas's Declaration clearly demonstrates that Karen Reyes's Affidavit referred to on page 8 of the Plaintiff's Motion is clearly suspect because of the criminal acts she committed during her employment in the billing and payroll department of Caring First, Inc.; and (3) Defendants' Counsel was forced to work with the very same records provided to the Plaintiff on March 7, 2016, in order for Defendants' Counsel to provide the Master List to Plaintiffs, which Plaintiff's Motion acknowledges was provided by Attorney Brand on July 20, 2016; ECF Document 86, at * 10, referring to Exhibit 4 (ECF Document 86-5).

Plaintiff, while inferring, if not blatantly accusing, the Defendants and their counsel of

committing overtly criminal acts, submitted no evidence whatsoever to support their unfounded attack as there is no such evidence as it did not happen.  Further, opposing Counsel has no factual basis to impugn the ethics of Counsel for Defendants.  What Plaintiff's counsel has done is wrongfully present her biased opinions as facts and asking the Court to accept them.

The fact that Plaintiff would file Doc 86-10 in support of their Motion for Spoliation and Sanctions is absolutely alarming.  Doc 86-10 is completely rebutted in Exhibit B to the undersigned's Affidavit in Opposition.  It can only be assumed that Plaintiff's counsel never bothered to actually read Doc 86-10 prior to submitting the same to this Court as a shameful attempt to persuade the Court or cast adversity upon Mr. Brand.  If Plaintiff's counsel did in fact read Doc 86-10 prior to its inclusion towards Plaintiff's Motion then such an inclusion would be politely stated appalling.  Doc 86-10, as proven by Exhibit B to Craig Brand's affidavit, had NOTHING to do with Mr. Brand or any of his clients.  Doc 86-10 applied to a single co-defendant, represented by a different law firm, in a RICO case that Mr. Brand successfully defended on behalf of his clients, and the alleged spoliation occurred prior to Mr. Brand's involvement as the case wasn't even filed at that juncture nor were the accusations aimed at Mr. Brand or his clients.

Wherefore, the Defendants, CARING FIRST, INC., IVANAH V. THOMAS, an individual, and TIMOTHY THOMAS, an individual, and Craig A. Brand, Esq., pray that this Court will deny Plaintiff's Motion for Sanctions for Spoliation of Evidence, Violation of Court Orders, and Misconduct in Discovery, instruct Plaintiff's counsel to return Mr. Brand's work product and order that Mr. Brand's work product cannot be used by the Plaintiff, as well as any and all other relief deemed just and proper.

S/ *Craig A. Brand, Esq.*

_____
**Craig A. Brand, Esq.**
**FBN: 896111**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 29, 2017, a true and correct copy of the foregoing document was served on all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

S/ *Craig A. Brand, Esq.*

_____
**Craig A. Brand, Esq.**
**FBN: 896111**
Craig@thebrandlawfirm.com
The Brand Law Firm, P.A.
Attorney for Defendants
GAI Building
618 E. South Street, Suite 500
Orlando, Florida 32801
Main Office/Fax Line. 877-407-2726 (VOIP Dual Line)
Tel. (305) 878-1477