UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SECRETARY OF LABOR, UNITED**
**STATES DEPARTMENT OF LABOR,**

          **Plaintiff,**

**v.**                                     **Case No:  6:15-cv-1824-Orl-41GJK**

**CARING FIRST, INC., IVANAH V.**
**THOMAS and TIMOTHY THOMPSON,**

          **Defendants.**
                                   /

**ORDER**

THIS CAUSE is before the Court on Plaintiff's Motion for Sanctions ("Motion," Doc. 86),

to which Defendants filed a Response ("Response," Doc. 94). On October 3, 2017, this Court held

a hearing on the Motion. (Min. Entry, Doc. 102). For the reasons stated herein, the Motion will be

granted in part and denied in part.

**I.**     **BACKGROUND**

This case arises under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29

U.S.C. § 201 *et seq*. Plaintiff alleges that Defendants mischaracterized their licensed practical

nurse and registered nurse employees as independent contractors. (Compl., Doc. 1, at 3). On

December 3, 2015, this Court entered a scheduling order directing the parties to exchange all

documents germane to this case by January 15, 2016. (FLSA Scheduling Order, Doc. 29, ¶ 1).

Defendants failed to timely comply with the disclosure of documents and, as a result, an Order to

Show Cause why sanctions should not be imposed was issued. (Feb. 25, 2016 Order, Doc. 32, at

1–2). After a hearing on the matter, this Court found that sanctions were warranted against

Defendants and Defendants' counsel for their failure to comply with the Court's order, but held

the sanctions in abeyance so long as Defendants produced all relevant documents in their possession, custody, or control by March 21, 2016. (Mar. 7, 2016 Order, Doc. 37, ¶¶ 1–3).

On March 11, 2016, Plaintiff filed a motion for sanctions against Defendants. (Mot. for Sanctions, Doc. 38). Therein, Plaintiff alleged that Defendants willfully destroyed, or negligently allowed to be destroyed, payroll records prior to May 2015, despite an ongoing investigation by the Department of Labor ("Department"). (*Id.* at 12–13). Additionally, Plaintiff asserted that since May 2015, an administrative employee had been deleting payroll records on a weekly basis by writing over them at the end of each work week. (*Id.* at 15–16). Defendants acknowledged that an employee was writing over the payroll week-to-week but claimed that the records prior to May 2015 were destroyed by a disgruntled former employee, Karen Reyes. (*Id.* at 7). On September 22, 2016, this Court entered an order denying the motion for sanctions because there was a factual dispute regarding whether Reyes deleted the payroll records and because Plaintiff had not yet determined what, if any, prejudice Plaintiff had suffered. (Sept. 22, 2016 Order, Doc. 55, at 6–7, 9). Nevertheless, the Court was troubled by Defendants' actions and ordered Defendants to "immediately halt the destruction of any Current Payroll Records" and produce all payroll records to Plaintiff on a bi-weekly basis. (*Id.* at 10).[1] Now, Plaintiff again seeks sanctions against Defendants and Defendants' counsel pursuant to Federal Rule of Civil Procedure 37(b), 28 U.S.C. § 1927, and this Court's inherent authority.

## II.   LEGAL STANDARD

Rule 37(b) "authorizes a panoply of sanctions" for a party's failure to comply with a discovery order, including entry of a default judgment as the ultimate sanction. *Smith v. Sohaan*

---

[1] For a more comprehensive summary of the facts leading up to this point, see the September 22, 2016 Order (Doc. 55) denying Plaintiff's first Motion for Sanctions (Doc. 38).

*Dev. Inc.*, No. 6:12-cv-1369-Orl-18DAB, 2013 WL 5720163, at *2 (M.D. Fla. Oct. 1, 2013); *see also* Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii). Entering a default judgment for violating a discovery order requires: (1) a willful or bad faith failure to obey the order; (2) prejudice to the moving party; and (3) a showing that lesser sanctions would not adequately punish the violation or deter future violations. *Inmuno Vital, Inc., v. Telemundo Grp., Inc.*, 203 F.R.D. 561, 571 (S.D. Fla. 2001) (citing authority). However, "simple negligence, misunderstanding, or inability to comply [with a discovery order] will not justify the sanction of default." *Id.* (citing *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993)).

Title 28 of the United States Code § 1927 provides that "[a]ny attorney . . . admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "To justify an award of sanctions [under § 1927] a court must find that three predicates apply: (1) an attorney must engage in unreasonable and vexatious conduct; (2) this conduct must multiply the proceedings; and (3) the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct." *Traffic Sports USA, Inc. v. Federacion Nacional Autonoma De Futbol De Honduras*, No. 08-20228-CIV, 2008 WL 4792196, at *4 (S.D. Fla. Oct. 31, 2008).

"[A]n attorney multiplies proceedings unreasonably and vexatiously within the meaning of the statute only when the attorney's conduct is so egregious that it is tantamount to bad faith." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007) (quotation omitted). "[F]or purposes of § 1927, bad faith turns not on the attorney's subjective intent, but on the attorney's objective conduct." *Id.* "What is crucial is whether, regardless of the attorney's subjective intentions, the conduct was unreasonable and vexatious when measured against an

objective standard." *Hudson v. Int'l Comput. Negotiations, Inc.*, 499 F.3d 1252, 1262 (11th Cir. 2007).

Additionally, federal courts possess the inherent authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," and, therefore, have the ability to impose "sanction[s] for conduct which abuses the judicial process." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (quotations omitted). Similar to § 1927, a federal court's inherent sanctioning authority permits it to impose sanctions "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991) (quotation omitted); *see also Meidinger v. Healthcare Indus. Oligopoly*, 391 F. App'x 777, 780 (11th Cir. 2010) ("In order to exercise its inherent power to award sanctions, the court must find that a party acted in bad faith."). Finally, "[i]nherent powers must be exercised with restraint and discretion." *Footman v. Cheung*, 341 F. Supp. 2d 1218, 1224 (M.D. Fla. 2004) (citing *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998)).

## III.   ANALYSIS

Plaintiff argues that Defendants and Defendants' counsel should be sanctioned for spoliation of payroll records, violation of court orders, and misconduct in discovery. Specifically, Plaintiff renews its previous assertion that Defendants intentionally destroyed, or negligently allowed to be destroyed, payroll records from the time the Department began investigating Caring First until May 2015. And since that time, Plaintiff alleges Defendants continued to willfully destroy payroll records by writing over them, until mid-February of 2016—in violation of this Court's FLSA Scheduling Order.

Additionally, Plaintiff asserts that Defendants and their counsel misrepresented that a spreadsheet—the "Master List"—was a recreation of all the destroyed payroll records. Plaintiff

discovered that the Master List did not contain all of the information when Defendants disclosed a second list as a trial exhibit over a year later, which contained additional information. Defendants argue that the Master List was always an evolving document and that there was no duty to turn over the second list because it was attorney work product. Finally, Plaintiff contends that Defendants and Defendants' counsel made misrepresentations regarding the information contained on the nurses' paychecks as well as their ability to obtain copies of the paychecks from their bank.

Regarding the weekly deletion of payroll records, Plaintiff has made the requisite showing to convince this Court that sanctions are appropriate against Defendants under Rule 37(b). However, Plaintiff has not proven that sanctions are warranted based on the other alleged misconduct of Defendants. Nor has Plaintiff proven that sanctions are appropriate as to Defendants' counsel.

Defendants' conduct in violating this Court's order by deleting payroll records was willful. Defendant Dr. Thomas—the owner of Caring First—was aware of the pending litigation, and she acquiesced to the weekly deletion of payroll records that she knew were pertinent to the litigation. Thus, Defendants willfully failed to comply with this Court's Order to disclose "[a]ll time sheets and payroll records in [their] possession, custody or control," (Doc. 29 ¶ 1). This Court is unpersuaded by Defendants' argument that they were under no obligation to disclose the payroll records because they disclosed the individual nurse's time sheets. First, the Court's order directed Defendants to disclose "all time sheets *and payroll records*." (*Id.* [emphasis added]). Second, as discussed more fully below, the individual time sheets are far more voluminous and more time consuming to analyze. Finally, "the broad scope of discovery allowed by [Rule] 26 does not limit any party . . . from seeking information from multiple sources regarding the same issue." *Alderson*

*v. Ferrellgas, Inc.*, No. 3:12-cv-305-TLS-CAN, 2013 WL 11325054, at *4 (N.D. Ind. Aug. 22, 2013).

Plaintiff was prejudiced by this willful destruction of payroll records. To date, Plaintiff is still unable to confirm the amount of back wages Caring First may owe if the nurses involved in this suit are deemed to be employees. Moreover, because Defendants failed to preserve the weekly payroll records, Plaintiff must comb through voluminous patient files and pull nearly 43,000 individual nurse time sheets to accurately calculate back wages. Plaintiff estimates that this will cost the Department $34,907.50. If Plaintiff was given the weekly payroll records, as this Court ordered, Plaintiff could calculate back wages at a fraction of the cost. Further, Defendants' failure to produce all of its payroll records in a timely and comprehensive fashion has already resulted in numerous recalculations of back wages—none of which Plaintiff believes are entirely accurate. Therefore, Plaintiff has been prejudiced by Defendants' destruction of payroll records.

However, Plaintiff has not demonstrated that the ultimate sanction of default judgment is appropriate in this case. "[G]ranting default judgment is a sanction of 'last resort' and is appropriate only where lesser sanctions are not adequate." *Inmuno Vital, Inc.*, 203 F.R.D. at 573 (citing *Malautea*, 987 F.2d at 1542). Although Defendants' willful destruction of payroll records has resulted in repeated recalculations of back wages by Plaintiff, it is not so thoroughly prejudicial as to warrant default judgment. Instead, a lesser sanction can remedy the harm caused by Defendants' misconduct.

It is important to keep in mind that sanctions should be tailored specifically to address the prejudice caused by the misconduct. *See Armstead v. Allstate Prop. & Cas. Ins. Co.*, No. 1:14-CV-586-WSD, 2016 WL 7093903, at *5 (N.D. Ga. Dec. 6, 2016), *aff'd*, No. 17-10068, —F. App'x—, 2017 WL 2992071 (11th Cir. July 14, 2017). It is unclear whether monetary sanctions will

effectively cure this prejudice, especially considering that Defendants' ability to pay is likely dependent on the outcome of this case. Other courts have held that an adverse inference could be drawn from a party's failure to comply with a discovery order. *Thomas v. Dep't of Corr. for Ga.*, 377 F. App'x 873, 880 (11th Cir. 2010). But courts and commentators alike have noted that "adverse inference instructions are one of the least severe sanctions which the court can impose and, therefore, often have very little deterrent effect." *Inmuno Vital, Inc.*, 203 F.R.D. at 574 (quoting *Mosel Vitelic Corp. v. Micron Tech., Inc.*, 162 F. Supp. 2d 307, 315 (D. Del. 2000)). Defendants have already been warned once that continued failure to comply with this Court's order will result in sanctions. (*See* Doc. 37 ¶¶ 1–2) ("The Court will abate the imposition of sanctions pending the production of . . . all documents in Defendants' possession, custody, or control that may be used to determine the hours worked, the compensation paid, and the method for calculating [the] same for all alleged employees.").

Plaintiff represented at the evidentiary hearing that he was able to obtain a sampling of nurses' paychecks from Caring First's bank. From these paychecks, which contain the hours worked by the nurses and their pay rate, Plaintiff claims he will be able to accurately calculate back wages. Therefore, as a sanction the Court will order the production of the nurses' paychecks from Caring First's bank. In addition, the Court will allow Plaintiff to recalculate potential back wages based on these paychecks. If Plaintiff prevails as to liability at trial, this calculation will be irrebuttably presumed to be correct, subject to Court approval.

## IV.   CONCLUSION

For the reasons set forth herein and in this Court's prior orders, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion for Sanctions (Doc. 86) is **GRANTED in part** and **DENIED in part**.

2. Defendants are **SANCTIONED** in accordance with Rule 37(b) for willfully destroying payroll records.

3. **On or before November 3, 2017**, Defendants shall produce all relevant nurses' paychecks in their possession, custody, or control, including those in the possession of their bank, for inspection by Plaintiff.

4. If Plaintiff prevails as to liability at trial, Plaintiff's back wages calculation will be irrebuttably presumed to be correct, subject to final approval by the Court.

5. The Motion (Doc. 86) is **DENIED** in all other respects.

**DONE** and **ORDERED** in Orlando, Florida on October 20, 2017.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record