UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SECRETARY OF LABOR, UNITED
STATES DEPARTMENT OF LABOR,**

**Plaintiff,**

**v.**                                                          **Case No:  6:15-cv-1824-Orl-41GJK**

**CARING FIRST, INC., IVANAH V.
THOMAS and TIMOTHY THOMPSON,**

**Defendants.**
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Notice of Defendants' Noncompliance with

Court Order and Motion for Appropriate Relief (Doc. 124) and Plaintiff's Renewed Motion for

Sanctions ("Renewed Motion," Doc. 129), to which Defendants filed a Response (Doc. 132). A

hearing was held on January 10, 2018, where the Court orally granted Plaintiff's Renewed Motion.

(Min. Entry, Doc. 133). This Order sets forth the Court's analysis in granting the motion.

### I.   BACKGROUND

This case arises under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29

U.S.C. § 201 *et seq.* Plaintiff alleges that Defendants mischaracterized their licensed practical

nurse and registered nurse employees as independent contractors. (Compl., Doc. 1, at 3). On March

11, 2016, Plaintiff filed a motion for sanctions asserting that Defendants willfully destroyed, or

negligently allowed to be destroyed, payroll records in violation of the Court's orders requiring

production of those documents. (Doc. 38 at 12–13). Due to a disputed issue of fact, the Court

denied the motion. (*See* Sept. 22, 2016 Order, Doc. 55, at 6–7, 11). On August 16, 2017, Plaintiff

filed a second motion for sanctions (Doc. 86).[1] Therein, Plaintiff alleged that it had discovered new evidence demonstrating Defendants' willful destruction of evidence. (*See id.* at 8–9). The Court granted Plaintiff's motion for sanctions in part, finding that Defendants' destruction of payroll records was willful and prejudiced Plaintiff. (Oct. 20, 2017 Order, Doc. 107 at 5–6, 8). The motion was denied to the extent that it requested the ultimate sanction of default judgment because a lesser sanction was capable of remedying the harm caused by Defendants' misconduct. (*Id.* at 6). As part of that sanction, the Court ordered that Defendants on or before November 3, 2017, "produce all relevant nurses' paychecks in their possession, custody, or control, including those in the possession of their bank, for inspection by Plaintiff." (*Id.* at 8). Now, for a third time, Plaintiff moves for sanctions against Defendants for failing to adhere to the Court's orders, specifically the Court's October 20, 2017 Order, and requests the entry of default judgment against all Defendants.

## II.   LEGAL STANDARD

Plaintiff appears to seek sanctions pursuant to Federal Rule of Civil Procedure 37, which provides in pertinent part: "If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders," including "striking pleadings in whole or in part" and "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(iii), (v). "[A]lthough Rule 37 confers upon district court judges broad discretion to fashion appropriate sanctions for the violation of discovery orders, this discretion is not unbridled." *United States v. Certain Real Prop. Located at Route 1, Bryant, Ala.*, 126 F.3d 1314, 1317 (11th Cir. 1997) (citation omitted). "[D]istrict courts should wield it wisely and with restraint and discretion," fashioning a sanction that is appropriate

---

[1] For a more comprehensive summary of the facts leading up to this point, see the Court's October 20, 2017 Order (Doc. 107) granting in part and denying in part Plaintiff's Motion for Sanctions (Doc. 86).

in light of all the circumstances. *Ulysse v. Waste Mgmt., Inc. of Fla.*, 617 F. App'x 951, 953 (11th Cir. 2015) (quotation omitted).

### III. ANALYSIS

The entry of default judgment against all Defendants is an appropriate sanction here. "[A] default judgment sanction requires a willful or bad faith failure to obey a discovery order." *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993); *see also Certain Real Prop. Located at Route 1, Bryant, Ala.*, 126 F.3d at 1317 (noting that entry of default judgment as a sanction under Rule 37 is "appropriate . . . only 'where the party's conduct amounts to flagrant disregard and willful disobedience of discovery orders'" (quoting *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) and collecting cases)). "Violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal." *Malautea*, 987 F.2d at 1542 (collecting cases). "Finally, the severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Id.*

Defendants have, yet again, failed to comply with an order by this Court to produce copies of the relevant nurses' payroll records. As of January 10, 2018, the date of the hearing on this matter, Plaintiff had still not received the payroll records necessary for its back wage calculations. Further, Plaintiff provided sworn testimony from its counsel, Lydia J. Chastain, detailing conversations she had with members of Wells Fargo's Subpoena Response Team, which indicate that the bank did not receive a subpoena from Defendants for the nurses' payroll records until November 30, 2017, (Chastain Decl., Doc. 129-1, ¶ 7), twenty-seven days after the Court's established deadline, (*see* Doc. 107 at 8).

Defendants' failure to comply with the Court's orders has been a consistent theme throughout this litigation. The Court originally ordered the production of the nurses' payroll records, along with other pertinent material, in its Scheduling Order on December 3, 2015—over two years ago. (Scheduling Order, Doc. 29, at 2). Since that time, Plaintiffs have filed three separate motions for sanctions, including Plaintiff's Renewed Motion, in response to Defendants' willful destruction of evidence and continued discovery violations. Each of the Court's orders on those motions required Defendants to turn over all relevant payroll records in their possession, custody, or control. (*See* Doc. 55 at 11; Doc. 107 at 8). When combined with the Show Cause Hearing held before Magistrate Judge Kelly on March 4, 2016, (Min. Entry, Doc. 36), and his subsequent order, (Mar. 7, 2016 Order, Doc. 37), this Court has issued four separate orders directing Defendants to produce payroll records and warning them of the consequences should they fail to comply, including default judgment, (*see e.g.*, Doc. 55 at 11). And fail they did.

Despite knowing that time was of the essence due to the looming trial date, Dr. Ivanah Thomas went to her local Wells Fargo branch to request the payroll records instead of subpoenaing the bank for them. (*See* Oct. 30, 2017 Letter, Doc. 132-1, at 1). On October 30, 2017, less than a month from trial and mere days before the Court's deadline for production of the records, Wells Fargo sent a letter to Defendants notifying them of the bank's inability to meet the Court's deadline. (*See id.*). Instead of informing the Court of the delay and asking for an extension, Defendants kept this information to themselves. On November 3, 2017, the date of the deadline, the Court held a telephonic conference in this case regarding the trial date. (Min. Entry, Doc. 121). Inexplicably, Defendants chose not to bring their inevitable noncompliance to the Court's attention.

Defendants waited until November 8, 2017—five days after the deadline—to inform Plaintiff of their noncompliance. (*See* Nov. 13, 2017 Email, Doc. 129-2, at 4). Graciously, Plaintiff's counsel walked Defendants through the correct process for obtaining the payroll records, including what specific records to request, upon whom they should serve the subpoena, and the total cost. (*Id.* at 3). Defendants responded with outrage at Plaintiff's suggestion that they had not taken the proper steps to comply with the Court's Order, despite the fact that production was nearly a week past due. (*Id.* at 2–3). Incredibly, rather than immediately serving a subpoena on Wells Fargo, Defendants emailed Plaintiff to ask if they could work off of Plaintiff's subpoena, which the bank had already closed. (*Id.* at 1–2).

Finally, on November 13, 2017—ten days after the deadline—Defendants decided that serving a subpoena was the appropriate way to comply with the Court's Order, (*id.* at 1), as opposed to their previous method of screaming at Wells Fargo employees over the phone, (*id.* at 3). For reasons unbeknownst to this Court, however, Defendants waited two weeks to send the subpoena. (*See* Doc. 132-1 at 3). Wells Fargo received the subpoena on November 30, 2017, (Doc. 129-1 ¶ 7), well after the deadline. Defendants' assertion that their counsel had served Wells Fargo with two subpoenas, the first on or around November 13, 2017,[2] is simply not credible. Not only were Defendants unable to provide any evidence that such a subpoena was actually served, Wells Fargo had no record of receiving any subpoena other than the one it received on November 30, 2017. (*Id.* ¶ 8).

Inexcusably, Defendants never notified the Court of their failure to produce the payroll records or asked for an extension of time to do so. More importantly, during the three month period

---

[2] Notably, even if this subpoena had been served, it was done well after the expiration of this Court's deadline.

between the Court's previous order imposing sanctions and the Court's entry of default judgment, Defendants never produced any records. Such conduct amounts to a blatant disregard of this Court's orders by Defendants and their counsel. While Defendants did apologize for their wholly unsatisfactory attempt to comply with the Court's fourth order requiring production of these records, the words of an oft-quoted philosopher come to mind, "Do. Or do not. There is no try." *Star Wars: The Empire Strikes Back* (Lucasfilm 1980).

Based on the above, the Court finds that Defendants' failure to comply with the Court's October 20, 2017 Order was willful. Turning to the imposition of sanctions, the Court is cognizant of the fact that the ultimate sanction of default judgment "is appropriate only as a last resort." *Malautea*, 987 F.2d at 1542. Nevertheless, Defendants' history of misconduct throughout this litigation has convinced the Court that no lesser sanction than default judgment will suffice. *See id.* (noting that default judgment is available where a party willfully or in bad faith fails to obey a discovery order).

The facts in support of default judgment are clear. Despite having been provided with numerous opportunities to comply, Defendants have repeatedly flouted the Court's authority by willfully destroying vital documents and failing to produce others. Even after four orders by this Court, including one imposing sanctions, Defendants have failed to produce payroll records essential to Plaintiff's calculation of damages in this case. As a result, Plaintiff has been greatly prejudiced. Defendants were warned of the consequences should their misconduct continue, including the possibility of default judgment. In spite of the Court's warnings, Defendants repeatedly and willfully refused to comply. Defendants have failed time and again to provide any legitimate justification for their actions. In light of this disturbing pattern of behavior, striking Defendants' Answers and entering default judgment is the only available option left to the Court.

Having reviewed the Complaint, the Court finds that it sufficiently establishes that Defendants' violations of the FLSA were willful. Therefore, the Court will enter default judgment in favor of Plaintiff in the amount of $1,967,377.50—$983,688.75 in back wages and $983,688.75 in liquidated damages. (*See* Pl.'s Req. for All Appropriate Relief, Doc. 135, at 3, 6–7; *see also* Doc. 107 at 8 ("If Plaintiff prevails as to liability . . . Plaintiff's back wages calculation will be irrebuttably presumed to be correct, subject to final approval by the Court.")). Plaintiff also seeks injunctive relief pursuant to section 17 of the FLSA, which authorizes district courts "to restrain violations of section 215 of [the FLSA]." 29 U.S.C. § 217. Concluding that injunctive relief is appropriate in this case, Defendants will be enjoined from future violations of the FLSA's overtime and recordkeeping provisions.

## IV.   CONCLUSION

For the reasons set forth herein and in this Court's prior orders, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Request for All Appropriate Relief (Doc. 135) is **GRANTED**.

2. Pursuant to Rule 37(b)(2)(A), Defendants' Answers (Doc. Nos. 12, 28) are **STRICKEN**.

3. The Clerk is directed to enter default judgment in Plaintiff's favor in the amount of $1,967,377.50 and thereafter close this case.

It is **FURTHER ORDERED** that Defendants, their agents, servants, employees and all persons in active concert or participation with them who receive actual notice hereof, are permanently enjoined from violating the provisions of the FLSA in any of the following manners:

1. They shall not, contrary to sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), employ any employee in commerce or in the production of goods

for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, for more than 40 hours in a workweek unless such employee is compensated for such hours in excess of 40 at an overtime rate of at least the applicable legal rate, which at this time is one and one-half times the regular rate at which such employee is employed.

2.  They shall not, contrary to sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), fail to make, keep and preserve adequate and accurate employment records as prescribed by Regulation found at 29 C.F.R. § 516.

**DONE** and **ORDERED** in Orlando, Florida on January 19, 2018.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record